412 February 19, 2026 No. 140

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WAYNE RIMESTAD,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR22419; A181126

Jeffrey S. Jones, Judge.

Submitted December 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.*

WALTERS, S. J.

Affirmed.

_____
* Walters, Senior Judge *vice* Armstrong, S. J.

**WALTERS, S. J.**

In this criminal appeal, defendant challenges his conviction for driving under the influence of intoxicants (DUII) and the trial court's denial of his motion to suppress "all evidence of alcohol alleged to have been discovered" in a blood sample obtained pursuant to a warrant. Defendant argues that the affidavit supporting the issuance of the warrant did not provide facts sufficient to establish probable cause to test his blood for the presence of alcohol. For the reasons explained below, we affirm.

In this nonprecedential memorandum opinion, we do not set forth a detailed recitation of the facts or procedural background. We address only the standard of review and our reasons for finding that the challenged affidavit was sufficient to permit the trial court to conclude that it had probable cause to issue the warrant and authorize the seizure and analysis of defendant's blood, including testing to determine its blood alcohol content (BAC).

A challenge to the sufficiency of an affidavit supporting the issuance of a warrant presents an issue of law. *State v. Castilleja*, 345 Or 255, 264, 192 P3d 1283 (2008). To assess the validity of a warrant, courts look to the underlying affidavit to determine whether a neutral and detached magistrate could conclude that (1) there is reason to believe that the facts stated in the affidavit are true and (2) the facts and circumstances described in the affidavit establish probable cause to justify the search requested. *Id.*

Here, the trial court issued a warrant authorizing police officers to seize and analyze defendant's blood "to determine the blood alcohol content (BAC) from the [defendant]," and to "determine if traces of controlled substances, and/or pharmaceutical drugs, and/or inhalants are present in the [defendant's] sample." The affidavit supporting the issuance of the warrant averred that based on his "personal observations," the trooper seeking the warrant had probable cause to believe that defendant had committed the crime of "Driving Under the Influence of Intoxicants" and that evidence of that crime would be found in a "blood sample drawn from the body of the [defendant]" which would contain the

"blood alcohol content (BAC) level of the [defendant]," and "traces of controlled substances[.]" The authorized testing and analysis revealed that defendant's blood had a BAC of .15 and that defendant had "THC *** in his system."

In his motion to suppress, defendant did not contest the sufficiency of the evidence to support a seizure of defendant's blood or the testing of his blood for controlled substances; his only challenge was to the testing of defendant's blood for its BAC. On appeal, defendant affirms that his argument is so limited and submits that, to have probable cause to test for alcohol, the trial court was required to have, and did not have, probable cause to believe that defendant was under the influence of alcohol or had at least consumed alcohol.

Defendant cites ORS 133.545(6) for the proposition that an application for a search warrant shall set forth "the facts and circumstances tending to show that objects of the search are in the places, or in the possession of the individuals, to be searched," and ORS 133.555(2) for the proposition that before issuing a warrant, the judge must find probable cause to believe "that the search will discover things specified in the application." From those statutes and case law interpreting them, defendant contends that officers who apply for warrants to test for BAC in a suspect's blood must have probable cause to believe that they will find evidence of some positive level of alcohol in the blood. As defendant sees it, facts that tend to show the absence of alcohol use are not sufficient to allow testing of a defendant's blood for its alcohol content.

We disagree. Defendant overstates what is required to permit a trial court to issue a warrant to seize and test blood when an officer has probable cause to believe that a defendant has committed the crime of DUII. A violation of ORS 813.010(1)(b) (2021), *amended by* Or Laws 2023, ch 498, § 3, occurs when a person drives a vehicle and is "under the influence of intoxicating liquor, cannabis, psilocybin, a controlled substance or an inhalant."[1] Consequently, an officer

---

[1] As noted, ORS 813.010 has been amended since defendant committed his DUII. That amendment moved the list of substances to a separate statutory definition of "intoxicant," but the same substances apply to the crime of DUII under the current statute. *See* ORS 801.321 (defining "intoxicant" to include intoxicating liquor, a controlled substance, an inhalant, cannabis, or psilocybin).

has probable cause to believe that a suspect committed that crime when the officer has probable cause to believe that the suspect drove under the influence of any one or more of those substances and probable cause to believe that a search, seizure, and testing of a suspect's blood will permit discovery of any of those substances is sufficient to justify those actions. When an officer has probable cause to believe that a suspect was driving under the influence of an intoxicating substance, testing of the suspect's blood to determine its BAC may constitute relevant evidence of that crime. Even a BAC of zero could constitute evidence that the suspect was driving under the influence of an intoxicating substance—a substance other than liquor. *See State v. Burshia*, 201 Or App 678, 684-85, 120 P3d 487 (2005), *rev den*, 340 Or 672 (2006) ("Because a person can be convicted of a DUII only if impaired by alcohol, a controlled substance, or an inhalant, ruling out one or more of those substances makes it more likely that a person's impairment might be due to the substance or substances that the officer suspects.").

In this case, the arresting trooper's affidavit set out facts establishing probable cause to believe that defendant had committed the crime of DUII. The trooper sought a warrant to permit the seizure and testing of defendant's blood to find evidence of that crime. The trooper did not aver that testing would disclose evidence that defendant was under the influence of alcohol; the trooper averred that evidence *of DUII* would be found in "a blood sample drawn from the body of the [defendant]" which would contain the "blood alcohol content (BAC) level of the [defendant]," and "traces of controlled substances[.]" The trooper's affidavit was sufficient to permit the trial judge to conclude that there was probable cause to justify that testing. Neither ORS 133.545(6) nor ORS 133.555(2) or the case law interpreting those statutes compel a different result. From the affidavit, the trial court reasonably could find probable cause to believe that the objects of the search—the blood and its contents—were in the place to be searched and that the search would discover the things specified in the application—defendant's BAC and whether he had traces of controlled substances in his body.

Moreover, in this case, the trooper's affidavit included facts sufficient to permit the trial court to determine that there was probable cause to believe that the testing of defendant's blood would disclose the presence of intoxicating liquor. The trooper averred that defendant was speeding and following another car at an unsafe distance. The trooper formed an opinion that defendant had committed the crime of DUII based on personal observations that included "difficulty with instructions," "slow movements," "slow speech," "confusion," "constricted pupils," "slow to yield to lights and sirens," and "difficulty dividing his attention between tasks." The trooper further explained that "symptoms of impairment by one intoxicant can mask or mimic the symptoms of impairment by other intoxicants." Evidence of erratic driving, difficulty with instructions, and slowed speech can support an inference that a suspect is under the influence of alcohol, even when the suspect does not smell of alcohol. *See State v. Miller*, 265 Or App 442, 446, 335 P3d 355 (2014) (determining that officer had probable cause despite the absence of "an odor of alcohol or slurred speech," and noting that probable cause is a "totality of the circumstances" inquiry and that "no single factor is dispositive") (internal quotation marks omitted).

The trial court did not err in denying defendant's motion to suppress.

Affirmed.